<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD A. DUNNE, | )<br>)<br>) |
| Plaintiff, | )<br>)  Civil Action No. 08-5605 (GEB) |
| v. | )<br>)  **MEMORANDUM OPINION** |
| TOWNSHIP OF SPRINGFIELD, SPRINGFIELD TOWNSHIP POLICE DEPARTMENT, OFFICER KEVIN GILCHRIST, JOHN DOES I-X, and ABC I-X, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon the motion for summary judgment filed by Defendants the Township of Springfield, the Springfield Township Police Department, and Springfield Police Officer Kevin Gilchrist (collectively "Defendants"). (Doc. No. 17.) Plaintiff Richard A. Dunne ("Dunne") opposes the motion.[1] (Doc. No. 19.) The Court has reviewed the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, the Court will *sua sponte* dismiss Dunne's amended complaint without prejudice for the reasons that follow. As a result, Defendants' pending motion for summary judgment is moot and shall be denied with leave to refile if necessary.

**I.    BACKGROUND**[2]

---

[1] This matter was reassigned to the undersigned on June 14, 2010. (Doc. No. 24.)

[2] Pursuant to Local Civil Rule 56.1, the parties submitted statements of undisputed material facts in conjunction with Defendants' pending motion for summary judgment.

Dunne filed an amended complaint (the "complaint") against Defendants on June 10, 2009, that is the operative pleading in this case. In the complaint, Dunne alleges in pertinent part that:

> On or about Friday, November 17, 2006, the Defendant, OFFICER KEVIN GILCHRIST, did commit an unlawful and unprovoked assault upon the Plaintiff, RICHARD A DUNNE, by directing an obscene gesture at him during the course of his employment with and pursuant to and under the direct authority, control and auspices of the Defendants, TOWNSHIP OF SPRINGFIELD and the SPRINGFIELD POLICE DEPARTMENT, and then compounded his unlawful behavior ***by committing acts that are a malicious use of process when he mailed*** to the Plaintiff, on a separate and subsequent date, bogus and spurious summonses falsely accusing the Plaintiff of committing violations without the existence of probable cause and/or a legitimate legal basis to do so for the sole and exclusive purpose of harassing and intimidating the Plaintiff unlawfully and unconstitutionally.
> Moreover, the Defendant, KEVIN GILCHRIST, did later ***perform an act of malicious abuse of process when he consciously, voluntarily and deliberately chose to*** commit perjury in support of his ***earlier acts of malicious use of process*** to secure the conviction of the Plaintiff in connection with those bogus and spurious summonses he mailed to Plaintiff on or about November 17, 2006, and did so entirely under color of state law and during the course of his employment with and as the agent, servant and/or employee of the Defendants, TOWNSHIP OF SPRINGFIELD AND SPRINGFIELD TOWNSHIP POLICE DEPARTMENT
> . . . .
> As a direct consequence of the aforesaid, and under color of state law, the defendants committed direct violations of various provisions of the Constitution and Laws of the United States, including but not limited to the ***First***, Fourth and Fourteenth Amendments, ***42 U.S.C.A. Section 1981(a), 42 U.S.C.A. Section 1981( c), 42 U.S.C.A. Section 1983***, as well as violations of various provisions of the Constitution and Laws of the State of New Jersey, including but not limited to the New Jersey Civil Rights Act of 2004 which is codified at ***N.J.S.A. 10:6-2***, by

---

However, because the Court shall apply Fed. R. Civ. P. 12 in this matter, the Court will simply note the relevant aspects of Dunne's operative pleading.

> deliberately wilfully and recklessly denying or conspiring to deny
> the Plaintiff of his guaranteed rights of due process and equal
> protection under those laws.  (emphasis in original)

(Am. Compl. at ¶¶ 10, 11, 18: Doc. No. 10.)  In response, on September 23, 2009, Defendants filed their present motion for summary judgment.  (Doc. No. 17.)  In that motion, Defendants attempt to identify and defend against the claims Dunne may state in the complaint.  In opposition to Defendants' motion, Dunne expounds upon the claims in the complaint with increased specificity.

## II.   DISCUSSION

### A.  Legal Standard

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be appropriate only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion to dismiss if it contains sufficient factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570).  The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.*

3

(quoting *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  In evaluating dismissal of claims, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

    B.  Application

Dunne's complaint does not satisfy the foregoing standard for a variety for reasons.  First, the complaint is rife with broad-reaching legal conclusions and labels couched as factual allegations.  For example, on numerous occasions, Dunne inserts the boldfaced, underlined, and italicized allegation that Officer Gilchrist "***perform***[ed]***an act of malicious abuse of process***".  This statement, and the many others like it throughout the complaint, are precisely the type of legal conclusions and labels that the Supreme Court has stated "will not do".  *Iqbal,* 129 S. Ct. 1949.  Second, these statements aside, the complaint does not contain sufficient acceptable factual allegations to allow the Court to conclude that Dunne's stated claim for relief is plausible on its face.  *Id.*  Third, this deficiency is exacerbated by Dunne's additional failure to allege the claim or claims he is actually asserting with acceptable specificity.  Regarding this point, in the complaint Dunne appears to allege that Defendants violated 42 U.S.C.A. Section 1983.  Axiomatically, that allegation fails as a matter of law because Section 1983 itself contains no substantive rights.  Dunne then proceeds to allege violations "including but not limited to" his rights under the First, Fourth and Fourteenth Amendments of the United States Constitution, as well as "various provisions" of the Constitution and laws of New Jersey.  Clearly, these broad-reaching, scattershot, yet entirely undefined allegations fail to set forth fair notice of what

Dunne's claim is and the grounds upon which it rests. *Twombly*, 550 U.S. 555. For these reasons, Dunne's complaint will be dismissed.

### III. CONCLUSION

In light of the foregoing, the Court will dismiss Dunne's amended complaint without prejudice. As a result of that decision, Defendants' pending motion for summary judgment is moot and will be denied with leave to refile if necessary. Finally, the Court will order that if Dunne chooses to file an amended complaint that satisfies federal pleading standards, he shall do so not later than July 16, 2010.

Dated: June 25, 2010

                                                /s/ Garrett E. Brown, Jr.
                                        GARRETT E. BROWN, JR., U.S.D.J.